**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD**

**LARRY ARNOLD YOUNG,**

**Plaintiff,**

**v.** **Civil Action No. 1:25-00596**

**LORI MILLS, and**
**LUSK DISPOSAL SERVICE,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on January 7, 2026, in which he recommended that the district court grant defendants' motions to dismiss, dismiss plaintiff's amended complaint with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.

On January 23, 2026, plaintiff filed objections to the PF&R.

As the PF&R noted, this lawsuit is but one of several lawsuits filed by plaintiff "concerning both real and personal properties located on a former mobile home park that was/is owned by the Plaintiff's sisters, Glenda Lawson and Wanda Donahue." PF&R at 4. This case involves the demolition of multiple structures on the property, pursuant to a demolition decree issued by the Mercer County Commission and upheld by the Mercer County Circuit Court. See id. Defendant Lori Mills served as a Dilapidated Structures inspector for the county and recommended demolition of the structures. Defendant Lusk Disposal Service was hired to carry out the demolition decree. See id. at 2.

As the PF&R points out, the demolition decree was litigated and decided in state court, as was ownership of the real property. Therefore, the PF&R recommended dismissal based upon the Rooker-Feldman doctrine, res judicata, and collateral estoppel. As for Mills, Magistrate Judge Aboulhosn concluded that she was entitled to immunity. The PF&R also noted that Young did not file a response to Lusk's motion to dismiss, see id. at 13, and had, therefore, abandoned those claims.

In his objections, plaintiff does not really grapple with the analysis in the PF&R, which explains why his claims fail.[1] He does not explain why the Rooker-Feldman doctrine and principles of res judicata and collateral estoppel do not bar his claims herein. Rather, he continues to repeat his claims of ownership of the real property at the heart of this matter and make assertions of fact that are plainly contradicted by the record. For example, Young maintains that he appealed the demolition order. See ECF NO 22 at 2. He did not; he filed a motion for default judgment. See id. As for his claim that defendant Mills was acting in her individual capacity, Young's allegations against her confirm that she was acting in her official capacity. Therefore, as the PF&R recommended, she is entitled to immunity. For all these reasons, plaintiff's objections are **OVERRULED**.

Based on the foregoing, the court accepts Magistrate Judge Aboulhosn's findings and recommendation. Accordingly, defendants' motions to dismiss are **GRANTED**; plaintiff's amended complaint is **DISMISSED** with prejudice; and the Clerk is directed to remove this case from the court's active docket.

---

[1] As the PF&R noted, Young's failure to address these and the other arguments for dismissal advanced by defendants operates as a concession that those arguments were correct. See ECF NO. 21 at 11-13.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the plaintiff, pro se.

IT IS SO ORDERED this 20th day of August, 2026.

ENTER:

David A. Faber
Senior United States District Judge